## J. D. PARIS *v.* KEALOHA (w).

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 24, 1898.          DECIDED JUNE 9, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

In 1866, upon a sworn petition to a Justice of the Supreme Court pray-
ing for the adoption of an illegitimate child whose mother was
dead, the adoption was decreed. Held, that the court had the power
under Section 853 of the Civil Code to do this and that the order
could not be impeached collaterally.

OPINION OF THE COURT BY JUDD, C.J.

This is an action to quiet the title in certain lands in Kona,
Hawaii, described in Royal Patents (Grants) Nos. 865 and
1176. It was heard by the Circuit Court, jury waived, who
found for the plaintiff. Defendant's bill of exceptions raises
but one question;—the validity of the adoption of one Kahikina
by one Nakookoo. Both parties claim title through the said
Nakookoo. The papers claimed by plaintiff to have effectuated
the said adoption are as follows:

(Petition.) "To the Honorable R. G. Davis, Associate Jus-
tice of the Supreme Court, in Probate. The undersigned
Nakookoo (k) a resident of South Kona, Island of Hawaii,
respectfully shows unto Your Honor that his daughter Kekaa-
nui who is now dead, was the mother of an illegitimate son
named Kahikina, now aged eleven years; that the said boy has
lived with his grandparents, to wit, your petitioner and his wife
since his infancy, and has been treated by them as their own

child; and that it is the desire of your petitioner to adopt him so that he may have all the rights of a parent, and may give him all the privileges of a son. Wherefore your petitioner prays that Your Honor will after proof of the above averments, make such order of affiliation and such other order as the case may require. And your petitioner will ever pray," etc. (Signed and verified by oath before L. McCully, clerk, on July 17, 1866.)

"Supreme Court, in Probate, before Mr. Justice Davis, in chambers, 17th July, 1866. In the Matter of the Adoption of Kahikina by Nakookoo.

"The petitioner appeared together with the child mentioned in the petition. He stated to the court that he agreed in accordance with the prayer of his petition to take the child as his own, to educate him, support him and to treat him as his own son and heir. Haahaa the petitioner's wife on her part consented in open court to perform the duties of a mother to the said child. The court therefore did order the adoption of the child as prayed for. L. McCully, clerk."

The only statutes bearing upon this matter in force at the time, 1866, are Sections 853 and 1263 of the Civil Code. Section 853 defines certain powers of the Justices of the Supreme Court at chambers, and is as follows:

"Said Justices shall severally have power at chambers, to grant (divorces and) separations, and decree alimony; to legalize the adoption of children, and to decree the affiliation of bastards."

Section 1263 prescribes that   *   *   *   "Agreements of adoption shall, in order to their validity, be recorded in the office of the Registrar of Conveyances, in default of which no such instrument shall be binding to the detriment of third parties, or conclusive upon their rights and interests." During many years past adoptions have been effected by a written agreement of adoption executed by the parents of the subject of the adoption and by the adopting parties, but there is nothing in the statute last quoted intimating that an adoption might not be accomplished by decree of a Justice of the Supreme Court, as a

judicial act. The circumstances of this particular case are as follows: Nakookoo had a daughter Kekaanui who bore an illegitimate son, Kahikina by name. Nakookoo and his wife Haahaa had brought up and nurtured Kahikina from infancy as their own child. When these parties came before Mr. Justice Davis, Kahikina was eleven years old and his mother had died. There was no one, therefore, who could execute an "agreement of adoption." We consider that the adoption as shown by the record introduced was valid. There was a sworn petition before the Justice, setting forth the facts and a prayer that the "affiliation" might be decreed, and such other order as the case may require. The Justice had and exercised the jurisdiction conferred by Section 853 of the Civil Code. He "ordered the adoption of the child as prayed for." All the parties were before the court. Neither the statute nor rules of court prescribed the practice to be pursued in such a case. The Justice was satisfied with the unsworn statements of the parties. We know of no statute or practice then existing requiring that the decree of the Justice should be signed by the court and not by the clerk. We take judicial knowledge that Hon. R. G. Davis was a Justice and L. McCully the clerk of the Supreme Court at that date.

The decree in this case is attacked collaterally. A collateral attack will be successful "only upon showing a want of power." Van Fleet's Collateral Attack, p. 5. Mr. Justice Davis had the power to legalize the adoption of children, and however informal the record may seem to be, it cannot be impeached collaterally.

We overrule the exceptions.

*Kinney & Ballou* for plaintiff.

*W. R. Castle* and *P. L. Weaver* for defendant.